IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANIEL LEE SHAW ID # 638560 | ) ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:05-CV-864-M |
| | ) | |
| RAFF W. BARRY, et al., | ) | |
| Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge follow:

**Parties:** Plaintiff is a state prisoner currently incarcerated in the Texas Department of Criminal Justice - Institutional Division (TDCJ-ID). Defendants are Doctor Raff W. Barry, University of Texas Medical Branch, GEO, Inc., Dr. Walls, Warden McComis and Warden Woods.

**Discussion:** Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983. Plaintiff's claims concern events that allegedly occurred during his incarceration in Fort Worth, Texas. Plaintiff is currently confined in Ft. Worth and the Defendants are located in Forth Worth. Forth Worth is located in Tarrant County. Tarrant County is located in the Northern District of Texas, Fort Worth Division. *See* 28 U.S.C. § 124(a)(2).

Congress has recognized that substantial advantages may be gained by having the case resolved in the court located nearest the site of the underlying controversy. *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 497 (1973). The terms of 28 U.S.C. § 1404(a)

provide that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A court may transfer a case upon a motion or *sua sponte*. See 28 U.S.C. § 1404 and § 1406. The court has broad discretion in deciding whether to order a transfer. *Caldwell v. Palmetto State Savings Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987); *accord Mills v. Beech Aircraft Corp., Inc.,* 886 F.2d 758, 761 (5th Cir. 1989).

The incidents out of which Plaintiff's claims arise occurred in Tarrant County within the Fort Worth Division of the Northern District of Texas. The records and potential witnesses would be readily accessible there, making the Fort Worth Division of the Northern District of Texas a more convenient forum. *See Bell v. Watkins*, 692 F.2d 999, 1013 (5th Cir. 1982), *cert. denied sub nom., Bell v. Thigpen*, 464 U.S. 843 (1983). Transfer to the Fort Worth Division of the Northern District of Texas is appropriate in this case, and the Court recommends that this case be transferred.

**RECOMMENDATION:**

For the foregoing reasons, the Court recommends that this case be transferred to the Forth Worth Division of the Northern District of Texas.

Signed May 9, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -2-

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on Petitioner. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE